SUN KWONG ON v. UNITED STATES.

(Circuit Court, S. D. New York. November 13, 1909.)

No. 5,574.

CUSTOMS DUTIES (§ 45*)—CLASSIFICATION—EDIBLE FUNGUS—SIMILITUDE.

An edible fungus, that grows on the bark of trees and has been merely dried and packed loose, bears a greater similitude to vegetables in their natural state, enumerated in Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 257, 30 Stat. 171 (U. S. Comp. St. 1901, p. 1650), than to mushrooms prepared, enumerated in paragraph 241, 30 Stat. 170 (U. S. Comp. St. 1901, p. 1649), and is therefore dutiable under the former paragraph.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 149; Dec. Dig. § 45.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

The opinion filed by the Board of General Appraisers reads as follows:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WAITE, General Appraiser. The merchandise is an edible fungus, which, according to the testimony, grows on the bark of trees in China. It has been dried in the sun and packed loose in wooden cases for importation. It was assessed as a vegetable in its natural state under paragraph 257, tariff act of 1897, and is claimed to be dutiable at 2½ cents per pound, by similitude to mushrooms, under paragraph 241, with an additional claim for free entry under paragraph 617. The latter contention we do not consider necessary to discuss. See G. A. 6,184 (T. D. 26,812). The claim under paragraph 241 is evidently the one upon which the importers rely.

According to the testimony, this fungus is used by the Chinese as mushrooms are used, being usually cooked with meat. In this respect, however, its use seems to be the same as that of many of their curious vegetable substances, which witnesses generally state are prepared with meat. In claiming that this commodity should be dutiable under paragraph 241 by similitude to mushrooms, the importers probably rely on the case of Von Bremen v. United States, 168 Fed. 889, 94 C. C. A. 301, T. D. 29,501, where it was held that truffles in tins were classifiable under paragraph 241 by similitude to "mushrooms, prepared or preserved, in tins." However, the fungus here in question has not been so packed, but has been merely dried and packed loose in wooden cases; and, if to be considered similar to mushrooms at all, it more resembles the dried variety, which were similarly packed in barrels, and were held in the Zammati Case, 153 Fed. 880, 82 C. C. A. 626, T. D. 28,054, to be dutiable as vegetables in their natural state. The fungus before us has been so classified by the collector, and we are of the opinion his decision is correct. Note G. A. 6,184, supra.

The protest is overruled.

Kammerlohr & Duffy (Joseph G. Kammerlohr, of counsel), for importers.

D. Frank Lloyd, Dep. Asst. Atty. Gen. (Thomas M. Lane, Asst. Counsel, of counsel), for the United States.

PLATT, District Judge. The merchandise in dispute is an edible fungus, which, according to the testimony, grows on the bark of trees in China. It was assessed for duty at 25 per cent. ad valorem under paragraph 257, tariff act of 1897, as a vegetable in its natural state. The appellants claim it is properly dutiable at only 2½ cents per pound, by similitude to mushrooms, under paragraph 241, or, alternatively, as free under paragraph 617.

I was bothered for a moment as to whether this merchandise can be properly classified as a vegetable; but, upon reflection and an examination of the decisions, I am satisfied that it ought to be so treated for tariff purposes. On the similitude question, the reasoning of the Board is persuasive.

Decision affirmed.